UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAHUM A. CASTRO, an individual; CINDY G. CASTRO, an individual; B.R.C., a minor by and through her Guardian Ad Litem, CINDY G. CASTRO; E.D.C., a minor by and through his Guardian Ad Litem, CINDY G. CASTRO; and N.R.C., a minor by and through his Guardian Ad Litem, CINDY G. CASTRO,<br><br>                    Plaintiffs,<br>v.<br>U.S. CUSTOMS AND BORDER PROTECTION; JUAN ARMANDO PEÑA, an individual, and Does 1-50,<br>                    Defendants. | Case No.: 19-CV-02240-AJB-JLB<br>**ORDER GRANTING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM (Doc. No. 5-2)** |

Before the Court is Petitioners B.R.C., E.D.C., and N.R.C.'s petition for appointment of guardian ad litem. (Doc. No. 5-2.) For the reasons stated herein, the Court **GRANTS** the petition.

**I.    LEGAL STANDARD**

Rule 17(c) establishes certain rules regarding representation of minors and competent persons in federal court actions. First, for individuals "with a representative,"

1

the Rule provides that "[t]he following representatives may sue or defend on behalf of a minor or an incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Fed. R. Civ. P. 17(c)(1). Second, for individuals "without a representative," the Rule provides that "[a] minor or incompetent person who does not have a duly appointed representative may sue by a next friend or by guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2) (emphasis added). Federal courts have broad "power to appoint a special representative for a minor" under the Rule. *Elliott v. Versa CIC, L.P.*, 328 F.R.D. 554, 556 (S.D. Cal. 2018). "As a general matter, the decision whether to appoint a guardian ad litem is 'normally left to the sound discretion of the trial court.'" *Id.* (quoting *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986)).

## II. DISCUSSION

An individual's capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Petitioners B.R.C., E.D.C., and N.R.C. reside in California and are minors under the age of 18 years old. *See* Cal. Fam. Code § 6502. Thus, Rule 17(c) requires that B.R.C., E.D.C., and N.R.C. sue either through one of the enumerated representatives or through a next friend or guardian ad litem. *See* Fed. R. Civ. P. 17(c). Appointment of Cindy G. Castro is sought under Rule 17(c)(2) for a minor without representation. (Doc. No. 5-2.) The Petition indicates that Cindy G. Castro is the mother of B.R.C., E.D.C., and N.R.C., there is no indication of a conflict of interest, and Cindy G. Castro is willing to serve as the guardian ad litem. (*Id.* at 3–4.) Cindy G. Castro has submitted a signed declaration personally attesting to her willingness to serve as a guardian ad litem. (*Id.* at 5.) In its discretion, the Court finds that it is appropriate to appoint Cindy G. Castro as a guardian ad litem for B.R.C., E.D.C., and N.R.C. solely for the purposes of this action.

## III. CONCLUSION

For the reasons stated, the Court **APPOINTS** Cindy G. Castro as guardian ad litem

for B.R.C., E.D.C., and N.R.C. for the purposes of this action only.

**IT IS SO ORDERED.**

Dated: July 6, 2021

Hon. Anthony J. Battaglia
United States District Judge