UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAHUM A. CASTRO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.: 19-cv-02240-AJB-JLB<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING PETITIONS FOR APPROVAL OF MINORS' COMPROMISES**<br><br>**[ECF Nos. 57; 58; 59]** |

Before the Court are the *ex parte* petitions of Cindy G. Castro, mother and court-appointed guardian *ad litem* of minor plaintiffs B.R.C. (13 years old), E.D.C. (11 years old), and N.R.C. (16 years old) ("Minor Plaintiffs"), for approval of the compromises of Minor Plaintiffs' disputed claims. (ECF Nos. 57; 58; 59.)  This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28. U.S.C. § 636(b)(1) and Local Civil Rule 17.1 of the United States District Court for the Southern District of California.  After reviewing the petitions and all supporting documents, and for the reasons discussed below, the Court **RECOMMENDS** that the District Court **GRANT** the petitions.

1

## I.    BACKGROUND

Plaintiffs are a family of two parents and three minor children. (ECF No. 38 at 2–3 ¶¶ 1, 5.) Plaintiffs B.R.C., E.D.C., and N.R.C. are minors appearing by and through their mother and court-appointed guardian *ad litem*, Cindy G. Castro. (ECF Nos. 57; 58; 59.) On April 6, 2018, Plaintiffs were seriously injured in an automobile collision, which they allege occurred when a U.S. Customs and Border Protection agent failed to stop at a stop sign, striking Plaintiffs' vehicle with tremendous force. (ECF No. 38 at 5 ¶ 16.)

On November 24, 2019, Plaintiffs commenced the instant action against Defendants U.S. Customs and Border Protection ("CBP") and CBP Agent Juan Armando Peña ("Peña") under the Federal Tort Claims Act ("FTCA"). (ECF No. 1.) On November 25, 2019, Plaintiffs filed a First Amended Complaint, correcting an error in the original complaint. (ECF No. 5.) On March 30, 2021, District Judge Anthony J. Battaglia dismissed Defendants CBP and Peña without prejudice, finding the United States of America to be the only proper defendant in an FTCA action. (ECF No. 37 at 14.) On April 5, 2021, Plaintiffs filed their Second Amended Complaint, naming the United States of America as a defendant ("Defendant"). (ECF No. 38.)

Magistrate Judge Jill L. Burkhardt convened a continued Early Neutral Evaluation Conference on December 8, 2021. (ECF No. 55.) Prior to the commencement of the Conference, the parties informed the Court that they had reached a settlement. (*Id.*) On January 25, 2022, Minor Plaintiffs' guardian *ad litem* filed the instant petitions setting forth the terms of the settlement and the intended distribution of the settlement proceeds. (*See* ECF Nos. 57; 58; 59.) Minor Plaintiffs' guardian *ad litem* acknowledges that if the settlement is approved by the Court, Minor Plaintiffs will be forever barred from seeking any further recovery or compensation from the settling Defendant on the claims that are proposed to be dismissed. (ECF Nos. 57 at 4; 58 at 4; 59 at 4.) Pursuant to the applicable briefing schedule, Defendant was required to file any opposition to the petitions by February 8, 2022. (ECF No. 61.) Defendant does not oppose the petitions. (*See* ECF Nos.

62; 63; 64.) To assist in evaluating the instant petitions, the Court held a hearing on February 22, 2022. (ECF No. 65.)

## II. LEGAL STANDARD

It is well settled that courts have a special duty to safeguard the interests of litigants who are minors in the context of settlements proposed in civil suits. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* Fed. R. Civ. P. 17(c) (district courts "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented [by a guardian conservator or the like] in an action."). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*.").

To facilitate courts within this district fulfilling their duty to safeguard, Local Rule 17.1(a) provides that "[n]o action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." CivLR. 17.1(a). The Court must evaluate whether the settlement is in the best interests of the minor and consider not only the fairness of the settlement, but the structure and manner of the plan for the payment and distribution of the assets for the benefit of the minor.

The Ninth Circuit established that courts reviewing the settlement of a minor's <u>federal claim</u> should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. They should also "evaluate the fairness of each minor plaintiff's net

recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Robidoux*, 638 F.3d at 1182.

*Robidoux* addressed "cases involving the settlement of a minor's federal claims." *Id.* at 1181–82 (emphasis added). Because FTCA claims are governed by substantive state law (*Molzof v. United States*, 502 U.S. 301, 305 (1992)), approval of their settlement may be governed by state law and may not subject to the limitations imposed by *Robidoux*. *A.M.L. v. Cernaianu*, No. LA-CV12-06082-JAK-RZx, 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014) (collecting cases). Under California state law, the court is tasked with evaluating the reasonableness of the settlement and determining whether the compromise is in the best interest of the minor, with "broad power" "to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." *See Espericueta v. Shewry*, 164 Cal. App. 4th 615, 619–20 (2008); *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382 (1994).

In this case, however, it is not necessary for the Court to resolve the question of whether *Robidoux* or state rules apply. The outcome is the same. *See A.M.L.*, 2014 WL 12588992, at *3 (finding it unnecessary for the court to resolve whether *Robidoux* or state rules applied to the approval of a minor's compromise in a case involving state tort law claims under the FTCA, where the proposed settlement would satisfy both standards); *see, e.g.*, *R.N. v. United States*, No. 17cv1583-L-BGS, 2019 WL 6724338, at *2 n.2 (S.D. Cal. Dec. 11, 2019) (same); *Estate of Alvarado v. Tackett*, No. 13cv1202-LL, 2019 WL 4573714, at *3 (S.D. Cal. Sept. 20, 2019) (same).

### III.  DISCUSSION

To fulfill the special duty of the court to safeguard the interests of minors in the context of settlements proposed in a civil suit, this Court will analyze the proposed

settlement, the methods of disbursing Minor Plaintiffs' net recoveries, and the proposed attorney's fees and costs.

**A. Proposed Net Settlement Amounts for Minor Plaintiffs**

1. Terms of Settlement

As set forth in the petitions, the total settlement amount is $1,000,000. (*See* ECF Nos. 57 at 3; 58 at 3; 59 at 3.) The proceeds are to be divided based on the severity of Plaintiffs' injuries: $620,000 to Plaintiff Nahum A. Castro; $320,000 to Plaintiff Cindy G. Castro; and $20,000 each to Minor Plaintiffs. (ECF Nos. 57 at 3; 58 at 3; 59 at 3.) B.R.C. and E.D.C.'s injuries included "concussion[s], temporary back and neck pain, as well as headaches. . . ." (ECF Nos. 57 at 3; 58 at 4.) At the hearing, B.R.C. and N.R.C. both indicated they continue to have some level of anxiety when riding in cars, which passes quickly once the car ride is concluded. "N.R.C. sustained temporary abdominal and chest pain, and an elbow fracture. . . ." (ECF No. 59 at 4.) Minor Plaintiffs' injuries were "significantly less severe" than their parents, who suffered traumatic brain injuries along with multiple other injuries resulting in past medical expenses of approximately $245,000. (ECF Nos. 57 at 3; 58 at 3; 59 at 3.) Minor Plaintiffs' counsel seeks $5,000 in attorney's fees from each minor, a sum that represents 25% of each minor's gross settlement. (ECF Nos. 57 at 4; 58 at 4; 59 at 4.) The net settlement proceeds to Minor Plaintiffs are as follows: $13,241.67 to B.R.C. after deducting attorney's fees of $5,000 and medical expenses of $1,758.33; $13,522.98 to E.D.C. after deducting attorney's fees of $5,000 and medical expenses of $1,477.02; and $12,630.46 to N.R.C. after deducting attorney's fees of $5,000 and medical expenses of $2,369.54. (*See* ECF Nos. 57 at 4; 58 at 5; 59 at 5.)

2. Analysis

This action commenced on November 24, 2019. (ECF No. 1.) The parties engaged in significant discovery prior to settlement. (*See* ECF Nos. 52; 57-1 at 3; 58-1 at 3; 59-1 at 3.) The Court finds that the proposed settlement allows for the certainty of recovery for Minor Plaintiffs, as opposed to the uncertainty associated with a trial.

///

In addition, Minor Plaintiffs' net recoveries of $13,241.67 (for B.R.C.); $13,522.98 (for E.D.C.); and $12,630.46 (for N.R.C.) notably exceed approved recoveries garnered by settling minors in other cases who, like Minor Plaintiffs in this action, suffered similarly minor injuries. *See, e.g.*, *Motlagh v. Macy's Corp. Servs., Inc.*, No. 19cv00042-JLB, 2020 WL 7385836, at *5 (S.D. Cal. Dec. 16, 2020) (finding fair and reasonable a net settlement amount of $6,952.19 for personal injury claims of a minor who suffered pain and sustained minor physical injuries, including lacerations, abrasions, and contusions); *T.P. v. United States*, 10cv295-AJB-RBB, 2011 U.S. Dist. LEXIS 110897, at *2 (S.D. Cal. Sept. 28, 2011) (finding net recovery of $8,713.76 for a minor's FTCA claim arising from being struck by a Federal Bureau of Investigations van, which fractured his leg in two places and kept him in a cast for seven weeks, to be fair and reasonable); *Leon v. United States*, No. 09cv00439-JLT, 2011 WL 13239534 (E.D. Cal. Mar. 29, 2011) (finding fair and reasonable an $8,500 net settlement for the personal injury claims of a minor plaintiff involved in a car accident, where the minor's injuries included a bruised forehead and temporary post-traumatic stress disorder); *S.C. v. Alaska Airlines, Inc.*, No. 20cv6245-RSWL-ASx, 2021 WL 3080631 (C.D. Cal. July 20, 2021) (finding fair and reasonable a net settlement of $9,888.84 for personal injury claims of a minor who suffered an anaphylactic reaction but did not sustain any permanent physical injuries); *K.B. v. City of Visalia*, No. 15cv01907-AWI-EPG, 2016 WL 5415668, at *1, *4 (E.D. Cal. Sept. 27, 2016) (approving a net recovery of $11,685.15 to a minor who suffered bruises and marks on his wrists and back after being handcuffed and roughly handled by a police officer, but who did not require medical attention for his physical injuries); *De La Cruz v. U.S. Postal Serv.*, No. 08cv0018-OWW-DLB, 2010 WL 319670, at *1–*2 (E.D. Cal. Jan. 20, 2010), *report and recommendation adopted*, No. 08cv0018-OWW-DLB, 2010 WL 624432 (E.D. Cal. Feb. 17, 2010) (approving a net recovery of $3,750 to a minor plaintiff who suffered loss of consciousness, laceration to the mouth, contusions, and stitches to the interior of his mouth as a result of a motor vehicle collision with a mail carrier truck, but who had "made a full and complete recovery").

Accordingly, based upon a consideration of the facts, Minor Plaintiffs' claims, the risks associated with trial, and the recoveries in similar actions, the Court concludes the proposed settlement is fair and reasonable under both California and federal law standards.

### B. Methods of Disbursement

Courts can use a wide variety of methods for the disbursement of settlement funds to a minor. *See* Cal. Prob. Code §§ 3600 *et. seq.*[1] Here, as to Minor Plaintiff B.R.C., guardian *ad litem* Ms. Castro requests that B.R.C.'s net settlement be deposited in an insured account, subject to withdrawal only upon authorization of the Court (i.e., a "blocked account"). (ECF No. 57 at 5.) Specifically, Ms. Castro proposes that the balance of B.R.C.'s settlement proceeds be placed in a blocked account at the Chase bank branch located at 2303 Cottonwood Dr., El Centro, CA 92243, with B.R.C. having access to the funds upon turning 18-years-old. (*Id.*) This procedure for disposition of the funds—placing them in a financial institution not subject to withdrawal prior to B.R.C. turning 18 except by Court order—is consistent with Section 3611(b) of the California Probate Code, which authorizes the court, if it is in the best interests of the minor, to order the settlement funds to be deposited "in an insured account in a financial institution in this state . . . subject to withdrawal only upon the authorization of the court[.]" Cal. Prob. Code § 3611(b). Thus, the terms of the proposed blocked account adequately protect B.R.C.'s interests by providing that no withdrawal of B.R.C.'s net settlement proceeds may be made from the account absent a court order until B.R.C. reaches the age of majority.

As to Minor Plaintiffs E.D.C. and N.R.C., Ms. Castro requests that their net settlement proceeds be invested into CalABLE accounts. Minor Plaintiffs E.D.C. and N.R.C. both have autism and receive benefits from the California In-Home Supportive Services program. (*See* ECF Nos. 58 at 5; 59 at 5.) As a result of their autism, both E.D.C. and N.R.C. qualify as "eligible individuals" for CalABLE accounts. (*See* ECF Nos. 58 at

---

[1] California probate law governs the proposed methods of disbursement of minors' settlement funds. *See* CivLR.17.1(b)(1).

5; 58-4 at 6; 59 at 5; 59-4 at 6 ("Individuals with a disability, which occurred before age 26, are eligible to open a CalABLE account.").) "CalABLE is a savings and investment plan offered by the state of California to individuals with disabilities. Eligible individuals, family, friends and employers can contribute up to $15,000 a year without affecting the account beneficiary's public disability benefits." (*See* ECF Nos. 58-4 at 5; 59-4 at 5.). An "Authorized Legal Representative (the parent, legal guardian or conservator of an Eligible Individual)" may open a CalABLE account for a qualified minor. *See* https://www.calable.ca.gov/faq. Proceeds in a CalABLE account "can be used for many different disability-related expenses ranging from education, employment support, housing, transportation, assistive technology, and healthcare." (ECF Nos. 58-4 at 6; 59-4 at 6.) The Court finds that this method of disbursement appears to be fair, reasonable, and within the bounds of applicable law. *See* Cal. Prob. Code § 3611(d); *see also D.C. (a minor) v. SJUSD et al.*, No. 19cv02410, 2020 WL 8612552 (N.D. Cal. Dec. 2, 2020) (depositing settlement proceeds into a CalABLE account for the benefit of disabled minor plaintiff).

### C. Attorney's Fees and Costs

Attorney's fees and costs are typically controlled by statute, local rule, or local custom. Under California law, courts are required to approve the attorney's fees to be paid for representation of a minor. *See* Cal. Prob. Code § 2601; Cal. Rule of Ct. 7.955.

Minor Plaintiffs' counsel seeks $5,000 in attorney's fees from each minor, a sum that represents 25% of each minor's gross settlement. (ECF Nos. 57 at 4; 58 at 4; 59 at 4.) No costs will be deducted from any of the three Minor Plaintiffs' settlements. (ECF Nos. 57 at 4; 58 at 4; 59 at 4.) The Court finds the request for attorney's fees to be reasonable and permissible under the FTCA. *See* 28 U.S.C. § 2678; *Napier v. San Diego*, No. 15-cv-581-CAB-KSC, 2017 WL 5759803, at *9 (S.D. Cal. No. 28, 2017) ("Generally, fees in minors cases have historically been limited to 25% of the gross recovery."). Given the duration of this case, the amount of work performed by Minor Plaintiffs' counsel, and the fee request's adherence to both the FTCA's limits and the historically-applied limit in cases

involving minors, the Court finds that the requested amount of attorney's fees is reasonable and does not render settlement unfair.

### IV.   CONCLUSION

For the reasons discussed above, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) adopting this Report and Recommendation; and (2) **GRANTING** the Petitions for Approval of Minors' Compromises, filed by Minor Plaintiffs' guardian *ad litem* Cindy G. Castro (ECF Nos. 57; 58; 59).

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party to this action may file written objections with the Court and serve a copy on all parties no later than **March 14, 2022**. The document should be captioned "Objections to Report and Recommendation." If objections are filed, any reply is due by **March 21, 2022**.

Although the federal statutory scheme provides for a 14-day objections period to a Magistrate Judge's Report and Recommendation, the Court notes that the petitions in this case are unopposed. (*See* ECF Nos. 62; 63; 64.) Therefore, **if all parties wish to waive the objections period, they should file a joint stipulation to that effect immediately**, to allow the Court to adopt this Report and Recommendation without further delay. However, there shall be no adverse consequences to any party who files objections or otherwise chooses not to waive the objections period.

**IT IS SO ORDERED.**

Dated: February 28, 2022

Hon. Jill L. Burkhardt
United States Magistrate Judge