UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAHUM A. CASTRO, et. al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br>　　　　　　　　　　　Defendants. | Case No.: 19-CV-02240-AJB-JLB<br><br>**ORDER:**<br><br>**(1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. No. 66); and**<br><br>**(2) GRANTING MOTION TO CONFIRM MINORS' COMPROMISES OF PENDING ACTION (Doc. Nos. 57, 58, 59)** |

　　　This case involves an automobile collision which allegedly occurred when a U.S. Customs and Border Protection agent failed to stop at a stop sign and struck Plaintiffs' vehicle with tremendous force. (*See* Doc. No. 66 at 2.) Plaintiffs B.R.C., E.D.C., and N.R.C. are minors appearing by and through their mother and Court-appointed guardian *ad litem*, Plaintiff Cindy G. Castro. (*Id.*)

　　　Plaintiffs, a family of two parents and three minor children, filed this case in this Court on November 24, 2019, against Defendants U.S. Customs and Border Protection ("CBP") and CBP Agent Juan Armando Peña ("Peña") under the Federal Tort Claims Act

1

("FTCA"). (Doc. No. 1.) On March 30, 2021, the Court dismissed Defendants CBP and Peña without prejudice, finding the United States of America to be the only proper defendant in an FTCA action. (Doc. No. 37 at 14.) Plaintiffs thereafter filed a Second Amended Complaint in April 2021, naming the United States of America as a defendant ("Defendant").

The parties ultimately reached a settlement and on January 25, 2022, Minor Plaintiffs' guardian *ad litem* filed the instant petitions setting forth the terms of the settlement. (Doc. Nos. 57–59.) On February 22, 2022, the Honorable Magistrate Judge Burkhardt held a hearing to assist in evaluating the instant petitions. (Doc. Nos. 65, 66 at 3.)

On February 28, 2022, the Magistrate Judge filed a Report and Recommendation ("R&R") granting the petitions. (Doc. No. 66.) Defendant the United States filed a Notice of Non-Opposition to the R&R on March 1, 2022. (Doc. No. 67.)

When a magistrate judge issues a report and recommendation on a motion pending before a district court judge, the district court must "make a de novo determination of those portion of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). But "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

Having thoroughly considered the R&R, as well as the terms of the proposed settlement agreement, the Court determines the settlement of minors B.R.C., E.D.C., and N.R.C.'s claims regarding their injuries resulting from the automobile collision is fair and

reasonable. *See Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011). Accordingly, the Court **ADOPTS** the R&R and **GRANTS** Plaintiffs' motions to confirm minors' compromises of the pending action.

      **IT IS SO ORDERED.**

Dated:  March 30, 2022

                                              Hon. Anthony J. Battaglia
                                              United States District Judge